UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
ALLISON ARENSON,

                            Plaintiff,                       **COMPLAINT**

    -against-

UBER TECHNOLOGIES, INC.,

                            Defendant.
-------------------------------------------------------------x

        Plaintiff, Allison Arenson, by and through her attorneys, Robert Blossner and Vik Pawar, Esqs., hereby alleges as follows:

## JURISDICTION

1. The action is brought pursuant to 28 U.S.C. §1332.

## VENUE

2. Venue is properly laid in the Southern District of New York under 28 U.S.C. § 1391(b), in that it is the District in which the claims arose.

## JURY DEMAND

3. Plaintiff respectfully demands a trial by jury of all issues in the matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

4. Plaintiff is a citizen and resident of the State of New York. Plaintiff is an attorney licensed to practice in the State of New York and is employed by the New York City Police Department.

5. Upon information and belief, at all times hereinafter mentioned, defendant,

UBER INC. ("UBER") is a California corporation.

6. Non-party Gurpreet Singh ("SINGH") is/was an employee/agent/driver for defendant, UBER an international company providing car services "on demand" for millions of riders annually.

7. At all times hereinafter mentioned, non-party SINGH was operating a 2011 Toyota motor vehicle ("Vehicle") bearing New York State license number T655588C with the permission, consent, authority and to a written agreement with UBER and in furtherance of the business of and in the scope of his employment with UBER.

8. At all times hereinafter mentioned, SINGH paid for and downloaded proprietary software of defendant UBER that enabled him to communicate with and transport passengers also using defendant's proprietary software in order to become an Uber driver and access software that enabled him to receive requests for Uber rides by passengers.

10. Without the usage of the software, drivers like SINGH could not become Uber drivers or perform their functions as Uber drivers.

11. Through operation of the UBER software application, SINGH was not advised of a new passenger's destination until that passenger was picked up.

12. UBER does not require that its drivers have unique skills of the type that independent contractors would.

13. UBER caused to be provided training, assistance in getting a clearance and TLC license and medical exam and defensive driving courses for SINGH.

14. UBER only required SINGH maintain liability insurance at minimum levels required by state and local law.

15. To recruit and encourage individuals like SINGH, UBER offered guaranteed wages.

16. UBER provided the electronic means by which passengers would request travel with Uber using SINGH as a driver.

17. UBER requires that Uber drivers such as SINGH maintain what they call a "minimum average rating" from passengers. If Uber drivers do not maintain such rating, they lose access to defendant UBER's proprietary software, and accordingly, the ability to earn money from transporting passengers.

18. Defendant UBER coordinates payments to drivers such as SINGH and requires individuals like him to post a sign with the logo "UBER" on it so that it was viewable from outside of the subject vehicle to passerby, pedestrians and UBER customers/riders.

19. By agreement with Uber drivers, a driver's "territory" means the city or metro area in the United States in which he or she is enabled by the "Drive App" to receive requests for Transportation Services."

20. Utilizing proprietary software, UBER controlled and limited the geographic range or "territory" in which SINGH could operate as an Uber driver. By agreement with Uber drivers, a driver's "territory" means the city or metro area in the United States in which he or she is enabled by the "Drive App" to receive requests for Transportation Services."

21. SINGH could not, and does not, influence corporate policy of defendant UBER.

22. The defendant, UBER app/communications system is a defectively designed product because it actively encourages distracted driving.

23. That on or about October 28, 2016, at the time and locations as described above in Plaintiff was a passenger as an UBER paying customer in the Vehicle driven by SINGH.

24. That at such time, place and positioning as described in the paragraphs above, the SINGH did, abruptly and without warning, cause the vehicle he was operating to rapidly decelerate and decrease the speed at which it had been proceeding, whereupon another vehicle drove into, struck, and collided with the rear of the Toyota motor vehicle then being operated by SINGH.

25. That immediately prior to attempting to slow down or stop the vehicle he was driving, the SINGH appeared to be yelling very loudly into or at a cell phone or at what appeared to be a GPS screen/UBER app.

26. That the striking of the Vehicle caused the plaintiff to be violently precipitated forward and then backward and into the inside of the rear door of the vehicle.

27. At all times hereinafter mentioned, defendant, UBER was vicariously liable for the negligence of SINGH.

28. The occurrence was caused solely and wholly by reason of the negligence, carelessness and recklessness of defendants in the ownership, operation, management, maintenance, supervision, repair, use, care, control and/or negligent entrustment of their motor vehicle; in failing to keep said motor vehicle under proper, prudent and reasonable control; in operating said motor vehicle at an excessive, unreasonable and unlawful rate of speed under the conditions and circumstances prevailing at or prior to the occurrence; in failing to obey traffic control devices then and there prevailing; in driving said motor vehicle without due care or regard for other vehicles; in failing to keep a proper look out; in failing to observe what was available to be observed; in failing to observe the roadway; in failing to keep a safe and proper distance; in failing to yield the right of way; in failing to sound a warning; in negligently causing said motor vehicle to violently strike plaintiff's motor

vehicle; in causing and permitting said motor vehicle to be operated in a manner contrary and in violation of the statutes, codes, ordinances, rules and regulations then and there prevailing; in failing and omitting to stop, turn or take proper evasive measures in order to avoid the aforesaid contact and collision between said motor vehicle and plaintiff's motor vehicle although defendants had a full opportunity to avoid same; in failing and omitting to obey and comply with the rules of the road; in failing to operate said motor vehicle with due regard for the safety of others; in failing to make prompt and timely use of brakes, signaling devices and/or steering mechanisms; in failing to have adequate and efficient brakes; in failing to have adequate and efficient tires; in operating said motor vehicle in such a negligent manner so as to precipitate the aforesaid occurrence; in failing to slow down said motor vehicle; in failing to observe signs, signals and/or traffic control devices at the time and place of the occurrence; in failing to use and/or properly use an audible signal; in failing to utilize proper vehicle illumination; in failing to utilize a "hands free" mobile telephone or communication device; in utilizing an electronic device that distracted defendant from the safe operation of said motor vehicle; in operating said motor vehicle with an obstructed view; in negligently hiring, training, instructing and/or supervising their agents, servants and/or employees; and in failing and omitting to take prompt, proper and suitable precautions for plaintiff's safety.

29. Defendant UBER is vicariously liable for the injuries and damages caused by the negligence of SINGH.

30. At the time of the accident described above, SINGH acted in his capacity as an employee of defendant UBER within the scope of her duties by transporting passengers who had used defendant's proprietary software to request an "Uber ride".

31. By reason of the foregoing, plaintiff sustained severe and permanent personal injuries; and plaintiff was otherwise damaged.

32. By reason of the foregoing, Plaintiff sustained serious injuries as defined by section 5102(d) of the Insurance Law of the State of New York.

33. By reason of the foregoing, Plaintiff sustained serious injuries and economic loss greater than basic economic loss as defined by section 5104 of the Insurance Law of the State of New York.

34. By reason of the foregoing, plaintiff has been damaged in a sum which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

**WHEREFORE**, the Plaintiff requests that this Court:

    a. Award compensatory damages to Plaintiff against the Defendant, jointly and severally, in the amount determined by the jury to be appropriate for the compensation to plaintiff for her injuries;

    b. Award the costs and expenses of this action to the Plaintiff;

    c. Award punitive damages in an amount determined by the jury;

    d. Award such other and further relief as this Court may deem appropriate.

Dated: New York, New York
       October 24, 2019

PAWAR LAW GROUP P.C.
20 Vesey Street, Suite 1210
New York, New York 10007
(212) 571-0805

By: 
Vik Pawar (VP9101)
Robert Blossner (RB0526)
*Attorneys for Plaintiff*